## IN THE MATTER OF HARRY DREIER, AN ATTORNEY-AT-LAW.

September 7, 1983.

*Hyman Isaac* argued the cause on behalf of the District XII Ethics Committee.

*Martin Friedman* argued the cause on behalf of the respondent.

### ORDER

The Disciplinary Review Board having filed a report recommending that HARRY DREIER of PLAINFIELD be publicly reprimanded for intentionally misrepresenting the status of a case and for attempting to deceive his clients in violation of *DR.* 1–102(A)(4) and (6) and for failing to file a complaint in violation of *DR.* 7–101(A) and that he be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including the production of transcripts, and good cause appearing

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that HARRY DREIER be and hereby is publicly reprimanded for his violation of *DR.* 1–102(A)(4) and (6) and *DR.* 7–101(A); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said HARRY DREIER as an attorney at law of the State of New Jersey; and it is further

ORDERED that HARRY DREIER reimburse the Administrative Office of the Courts for appropriate administrative costs in this matter.

Decision and Recommendation of the Disciplinary
Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a Decision recommending a Private Reprimand filed with the Board by the District XII Ethics Committee. The Board determined to deny this recommendation and to treat the report as a Presentment, and a hearing was subsequently held before the Board.

The Committee's decision details the respondent's relationship with his clients, Carol and Herbert Washington. The Washingtons were experiencing difficulties with their landlord in 1978 and 1979. The respondent was substituted as their attorney in an action taken to resolve rent and security problems and to oppose the landlord's eviction action. The matter was resolved on June 30, 1979, at which time the Court ordered that the Washington's security deposit be returned to them, but that they move out of their apartment. Following conclusion of this matter the respondent agreed to represent the Washingtons on a contingency basis in an action against their landlord to recover damages caused by a fire and burglaries of their apartment. It was further agreed that the respondent would represent them at settlement on the purchase of their new home. At this closing,

the Washingtons did not have sufficient funds to complete their purchase and therefore did not pay the respondent his full fee. It was agreed that the money due respondent would be deducted from any moneys recovered at the conclusion of the suit against the landlord.

The Washingtons contacted the respondent regarding the status of their case against the landlord on several occasions during 1979, 1980 and 1981. The respondent continually advised that a complaint had been filed and he was awaiting a trial date. On August 31, 1981, Carol Washington again inquired as to the status of their case. Respondent again advised that he was awaiting a trial date. At Ms. Washington's request, respondent supplied a docket number. On investigation, Ms. Washington learned that that docket number had no connection with their case, but was actually assigned to a matter captioned *Simpson v. Horizon Motor Inn.*

The Washingtons filed an ethics complaint after discovering that respondent had given them a false docket number. Thereafter they met with respondent and demanded $60,000 from respondent in satisfaction of their claim for damages against the landlord. Respondent later agreed to be responsible for any losses occasioned by his delay, and to file the complaint since it was not out of time. The Washington's did not take the respondent up on his offer. They did secure the services of another attorney, although they instructed him not to pursue the case against their landlord.

The Washingtons never advanced any filing fees to the respondent. Additionally, the police investigation did not find any merit in the Washingtons' claims of culpability on the part of the landlord.

The respondent admitted to giving a false docket number. He claimed that he was, at the time, under pressure and was undergoing psychological treatment as a result of the death of three aunts within a very short span of time. His civic activities were also noted.

The District XII Ethics Committee concluded that the respondent had violated *DR* 6–101(A) and found no violation of either *DR* 7–102(A)(2) or *DR* 1–102(A)(4). The Committee further noted that, in its opinion, the Washingtons attempted to take advantage of the respondent by demanding funds to which they were not entitled.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that a finding of unethical conduct on the part of the respondent is fully supported by clear and convincing evidence. The Board does not agree with the Committee's specific finding as to the disciplinary rule violated, nor does it consider a private reprimand to be appropriate. The record demonstrates that respondent intentionally misrepresented the status of the suit against the landlord, and further attempted to deceive his clients by supplying a false docket number. Without question, these actions constituted "conduct involving dishonesty, fraud, deceit or misrepresentation," and "conduct that adversely reflects on his fitness to practice law." *DR* 1–102(A)(4) and (6). The Board further finds that respondent, in failing to file a complaint, failed to "seek the lawful objectives of his client through reasonably available means permitted by law." *DR* 7–101(A). The Board is sympathetic to the respondent's defense of personal problems which led him to seek psychiatric treatment. However, the respondent's misconduct here extended over a three year period, and misrepresentations began long before the beginning of his personal problems in late 1980. Under the circumstances, public censure is required.

The Board therefore recommends that the respondent be publicly reprimanded.

The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/  A. Arthur Davis 3rd
        A. Arthur Davis 3rd
        Chairman

DATED: June 22, 1983